# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY SMITH, <br>                    Plaintiff, <br> v. <br> UNITED STATES OF AMERICA, <br>                    Defendant. | Case No.: 17-CV-1380 W (BGS) <br><br> **ORDER DENYING DEFENDANT'S EX PARTE APPLICATION TO FILE AN ADMINISTRATIVE RECORD UNDER SEAL [DOC. 8.]** |

      Pending before the Court is Defendant's ex parte application to file an administrative record under seal. [Doc. 8.] Defendant styles the one-page document as a motion, but the Court interprets it as an ex parte application.[1] The Court decides the matter on the papers submitted and without oral argument. For the reasons below, Defendant's application will be denied without prejudice.

//
//
//
//

---

[1] If this was intended to be a noticed motion, Civ. L.R. 7.1(b) and Chambers Rule 3(a) would require Defendant to obtain a hearing date prior to filing. Defendant did not obtain a hearing date.

1

# I. LEGAL STANDARD

Federal law creates a strong presumption in favor of public access to court records. But this right of access is not absolute. San Jose Mercury News, Inc. v. U.S. Dist. Court–N. Dist. (San Jose), 187 F.3d 1096, 1102 (9th Cir. 1999). "Every court has supervisory power over its own records and files[,]" and may provide access to court documents at its discretion. See Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978)). District courts therefore have authority to seal and unseal court records, a power that derives from their inherent supervisory power. See Hagestad, 49 F.3d at 1434.

When a district court is asked to seal court records in a civil case, the presumption in favor of access can be overcome by a showing of "sufficiently important countervailing interests." See San Jose Mercury News, 187 F.3d at 1102. The factors relevant to determining whether this presumption has been overcome include the " 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.' " Hagestad, 49 F.3d at 1434 (quoting EEOC v. Erection Co., Inc., 900 F.2d 168, 170 (9th Cir. 1990)). "After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citing Valley Broad. Co. v. United States Dist. Court, 798 F.2d 1289, 1295 (9th Cir. 1986)).

As a natural consequence of the public's right of access to records in civil cases, the presumption of public access cannot be overcome by a mere stipulation of the parties. As Judge Posner recognized, the district judge is duty-bound to scrutinize any request to seal court documents and therefore "may not rubber stamp a stipulation to seal the record." Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999); accord City of Hartford v. Chase, 942 F.2d 130, 136 (1st Cir. 1991)

("[T]he trial court—not the parties themselves—should scrutinize every such agreement involving the sealing of court papers and what, if any, of them are to be sealed . . . .").

## II. DISCUSSION

Defendant seeks to seal an entire administrative record—486 pages—because it "contains private information." (*Def.'s Ex Parte App.* [Doc. 8] 1:19–20.) It does not explain what sort of private information might appear in these documents that might serve as the factual basis for a "compelling reason" to seal a court record. See Hagestad 49 F.3d at 1434. In fact, it provides no further information of any kind. Without such a compelling reason, the presumptive right of public access controls. See San Jose Mercury News, 187 F.3d at 1102.

## III. CONCLUSION & ORDER

The application is **DENIED WITHOUT PREJUDICE**. [Doc. 8.]

The sealed lodged proposed document is **STRICKEN** from the docket. [Doc. 9.]

**IT IS SO ORDERED.**

Dated: October 27, 2017

_____
Hon. Thomas J. Whelan
United States District Judge